### Ralph M. Siegel, Appellee, v. John H. Thompson, Appellant.

1. APPEALS AND ERRORS—*waiver.* Defendant by pleading to the declaration after his demurrer thereto is overruled waives his objection.

2. PLEADING—*when special pleas are bad.* Special pleas in an

action for slander which attempt to answer the entire declaration but fail to answer allegations in the amended declaration are bad.

3. PLEADING—*when plea of justification in action for slander demurrable.* A special plea of justification in an action for slander which justifies as to the uttering of the words contained in the counts of the declaration to which it applies but denies the meaning, innuendos and inducements attributed to the words, is not demurrable.

4. SLANDER—*when error to exclude evidence of truth of language used.* Where good pleas of justification are filed in an action for slander, it is error to exclude evidence tending to prove the truth of the language used.

5. SLANDER—*what evidence of truth of words admissible.* In an action for slander brought by plaintiff, a clergyman, against defendant who stated that he saw plaintiff in a beer garden, under a plea of justification it is error to exclude evidence that a circus exhibited at a park known as a German beer garden, and that beer was sold there when plaintiff does not deny that he attended the circus on the day in question.

6. SLANDER—*what evidence is as to res gestae.* In an action for slander evidence that at the time of the uttering of the words defendant also used other words than those attributed to him is admissible as part of the *res gestae* when offered to show the meaning to be attributed to the alleged words and to show that the innuendos and meaning attributed to those words was not so understood by the persons who heard them.

7. SLANDER—*pleading.* In slander, a special plea justifying as to a part of the words alleged to have been spoken and uttered, but denying the uttering and speaking of the other words alleged is not demurrable.

8. SLANDER—*limitations.* An amendment to the declaration in slander does not state a new cause of action when it simply adds other and different words to those alleged in the original declaration to have been spoken and uttered, but alleges no damage as to the speaking of additional words charged, the entire damage alleged to have been caused being based wholly upon the words contained in the original declaration.

Appeal from the Circuit Court of Hancock county; the HON. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 18, 1913. Rehearing denied May 16, 1913.

HARTZELL, CAVANAGH & BABCOCK, DAVID E. MACK and GEORGE V. HELFRICH, for appellant.

SCOFIELD & CALIFF and J. W. WILLIAMS, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff sued defendant for slander, defendant demurred to the declaration, the demurrer was overruled and defendant answered by pleading the general issue, together with special pleas of justification and the statute of limitations. Plaintiff demurred to each of the special pleas, which was sustained by the trial court. The defendant elected to stand by his special pleas, trial was had upon the plea of general issue, and resulted in a verdict and judgment against defendant for one dollar and costs, from which he appeals.

The defendant having failed to stand by his demurrer to the declaration, and having pleaded, cannot now raise the question as to whether the court properly sustained the demurrer to the declaration; but having elected to stand by his special pleas, to which the court sustained a demurrer, the question of the ruling of the court upon these pleas is preserved for the determination of this court. Defendant also presents the question of the sufficiency of the proof to sustain the allegations of the declaration; and also the ruling of the trial court upon the admission and rejection of evidence.

In an action for slander, where words are not actionable *per se,* the burden is upon the plaintiff not only to prove the uttering of the words as alleged, but also the burden of establishing the averments and innuendos as to the meaning and application of the words as charged, unless the meaning reasonably follows from the ordinary meaning of the words alleged to have been spoken, and where the words are not actionable *per se,* and a certain meaning is attributed to the words by plaintiff, it is a question for the jury to determine, what meaning is to be attributed or placed upon the words alleged to have been uttered. Where the words

are alleged to have been spoken concerning a minister of the Gospel, which are not actionable *per se,* it is necessary in order to recover to aver and prove that the words were spoken of and concerning the plaintiff in his professional capacity, and to allege and prove damages to him in regard to his profession or occupation. Starkie on Slander, 199, 200.

In speaking of and concerning a clergyman, to be actionable *per se,* the words must be such as to discredit or impugn his integrity, skill or capacity as a minister of the Gospel, and when the words alleged to have been spoken do not so imply they can only be made so by proper averments, inducements and innuendos and the meaning and intendment must then be proven as laid. Newell on Slander and Libel, 176, 188, 628; *Herrick v. Tribune Co.,* 108 Ill. App. 246; Townsend on Slander and Libel, sec. 338.

In pleading justification it is only necessary for the defendant to justify as to the words alleged to have been spoken and he is not required to admit in his plea of justification the meaning, inducement or innuendos attributed to the words by plaintiff, as that becomes a question of fact for the jury to determine. Under the plea of justification if sustained by the evidence it is immaterial with what intent the words were spoken. Newell on Slander, p. 651, sec. 68; *Foss v. Hildreth,* 92 Mass. 76.

The original declaration charges that defendant said he had seen plaintiff in a beer garden, that plaintiff was in a beer garden, etc. The amended counts of the declaration not only reiterate the uttering of the words contained in the original counts, but add thereto the uttering and speaking of other and different words, but that they were uttered at the same time and place, etc.; but in the amended declaration no damage is alleged or averred by reason of the uttering or speaking of the additional words charged, while the damage alleged to have been caused, so far as the whole declara-

tion is concerned, is based wholly upon the words contained in the original declaration, and is based wholly on the alleged false statements that plaintiff was seen in a beer garden.

The second and third special pleas to which the demurrer was sustained attempt to answer the whole declaration but in fact only answer the averments of the declaration charging the speaking or uttering of the words contained in the original declaration. It neither justifies nor denies the uttering of the additional words contained in the amended declaration, these pleas were bad for the reason they attempt to answer the entire declaration and fail to do so. The fourth special plea justifies as to the uttering of the words contained in the counts of the declaration to which it applies, and denies the meaning, innuendos and inducements attributed to the words spoken. A demurrer was sustained to this plea upon the ground that it was necessary in a plea of justification not only to admit the speaking and uttering of the words, but also the meaning, inducements and innuendos attributed thereto by the plaintiff. The fifth special plea is a justification as to a part of the words alleged have been spoken and uttered, and denies the uttering and speaking of the other words alleged to have been spoken and uttered. The sixth and eleventh special pleas are pleas of the statute of limitations; and it is insisted under these pleas that the original declaration did not state a cause of action and that the amended declaration which sets forth the uttering and speaking of the additional words was not filed within one year after the cause of action accrued. The amended declaration does not set forth a new cause of action, it merely adds other words to the original words alleged to have been spoken of and concerning the plaintiff. The amendments to the declaration do not state a new cause of action but merely restate the cause, and add additional words as having been then uttered and no cause of action is attempted

to be based on the additional words. These pleas were subject to demurrer, and the court properly sustained the demurrer to them. The seventh special plea confines itself wholly to the first count of the amended declaration and as to that count it is a good plea. The eighth special plea confines itself and attempts only to answer the second count of the amended declaration, and is a good plea to that count. The ninth plea is not abstracted. The tenth special plea confines itself and relates wholly to the third amended count and as to that count is a good plea of justification. The court erred in sustaining the demurrers to the fourth, fifth, seventh, eighth and tenth special pleas.

Upon the trial of the cause the court sustained objections to all offers on the part of the defendant of the truth of the words spoken, and denied to the defendant all right of proof of the truth of the words uttered. This was in accordance with the court's rulings upon the special pleas of justification and the court having erred in sustaining the demurrer to each of these pleas, it follows that the court erred in refusing to admit this evidence. It is unnecessary for us to go into a detailed statement of all of this evidence, but it is sufficient to say that any evidence tending to prove the truth of the language used by defendant should have been admitted by the trial court, under his plea of justification, to which the demurrer should not have been sustained.

Defendant also offered evidence to explain the circumstances in connection with the alleged use of the words complained of by showing that a certain circus was being exhibited in a park called Baldwin's Park at Quincy, Illinois, that in this park was a place known as a German beer garden, that certain parties had a license issued by the city of Quincy and sold beer at this place, and that plaintiff was there on the day of the circus. It is not denied by plaintiff that he attended the circus in Baldwin's Park on that day, but the court refused to permit defendant to show that in Baldwin's

Park beer was sold, and that it was known as a German beer garden. We think the court erred in sustaining objection to this evidence.

Defendant attempted to show that at the time of the alleged uttering of the words he also used other words than those attributed to him by the plaintiff for the purpose of showing or explaining the meaning to be attributed to the alleged words, and also for the purpose of showing that the innuendos and meaning attributed to those words were not so understood by the persons who heard them. Objection to this evidence was sustained. This was also error. The evidence was a part of the *res gestae* and should have been admitted.

Instructions number two and three given on request of plaintiff are erroneous. They do not properly state the rule applicable in actions for slander.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*